Mr. Justice MacArthur
delivered the opinion of the court:
We are all of opinion that the clauses of the deed creating the trust were evidently for the benefit of the children. If the deed only provided that Keefer should hold and use the property, and enjoy the rents, issues, and profits during his life, he would undoubtedly possess an equitable interest which might he subjected in this jurisdiction to the satisfaction of his debts and obligations. But it is quite clear that he is permitted to enjoy these advantages for the special purpose of applying them to the support, maintenance, and education of the child then in being, or of any other children that might be born to him thereafter. To secure this end, appeal’s to be the primary object of the trust. This view is confirmed by the subsequent clause on the same subject-matter giving the said Keefer and wife a right to hold the property sold for the benefit of the children at any time prior to their coming of age. These different provisions in the instrument impose upon Keefer the performance of duties for the benefit of the children, and show that his relation to the trust is simply fiduciary.
If the prayer of the bill be allowed the material parts of the trust will be defeated, and the children would fa.il entirely to receive the benefits created in their favor. We are of opinion that the defendants have no interest in the property which can be applied to the satisfaction of their debts.
The decree dismissing the bill must be affirmed.